IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


VINIK MARINE, INC.,

                        Plaintiff,                    Case No. 3:12 CV 2204

        -vs-
                                                      MEMORANDUM  OPINION
IRONHEAD MARINE, INC., et al.,

                        Defendant.

KATZ, J.

        Vinik Marine, Inc. has moved for summary judgment against Ironhead Marine, Inc.  (Doc.

111).  Ironhead has filed a response (Doc. 113) and Vinik has filed a reply.  (Doc. 116).

**I.  Facts**

        The following facts are undisputed.  The case concerns litigation involving Barge

Exiderdome No. 1, a vessel which was used as a traveling showcase for the technology company

Siemens.  In addition to the present case, litigation relating to the Exiderdome is also before the

Court in *Ironhead Marine, Inc. v. Hannah Mar. Corp., et al.*, Case No. 3:10-cv-82.

        Ironhead operates a shipyard and dry dock located in Toledo, Ohio, where it performs

services, including the refurbishing, repair, and restoration of ships and barges.  Around April 2008,

Ironhead was approached by several entities, including Hannah Maritime Corporation, Hannah

Marine Corporation, Hannah Brothers, Oliver Schrott Kommunikation GmbH, OSK Marketing &

Communication, Inc., OSK Projektmanagement, Siemens Aktiengesellschaft, and Siemens Industry,

Inc. (collectively referred to as Hannah, OSK, and Siemens), for the purposes of performing work on

the Exiderdome.  Ironhead was retained to perform work on the barge and to install a traveling

Siemens exhibit onto the deck of the barge.  The barge was then to tour a variety of cities, by water,

to show the exhibit to potential Siemens customers.

Ironhead performed the services requested.  Apparently no assertion was made that the work was inferior.  Despite performing the work, and after the Exiderdome left Ironhead's shipyard, Hannah and OSK failed to pay Ironhead in full for the work performed.  Ironhead subsequently had Exiderdome arrested as it traveled.  The vessel was secured by the United States Marshals, pending the sale of the vessel at auction.  While the Exiderdome was under arrest, Vinik was first retained by the United States Marshals, and then independently, to provide *custodia legis* services to the barge prior to auction.

On January 14, 2010, Ironhead sued Hannah, OSK, and Siemens in this Court for payment of the amount Ironhead was owed for its work on the barge, along with expenses, attorneys' fees, and the "attachment, storage and sale of the Barge Exiderdome."  That case remains pending before this Court.

On April 14, 2010, Vinik filed a lawsuit against Ironhead in the United States District Court for the District of New Jersey, seeking payment for the *custodia legis* services it had provided to the barge during its arrest.  Vinik did not name Hannah, OSK, or Siemens as defendants.

Subsequently, Vinik moved for summary judgment on August 18, 2010, seeking to obtain a judgment against Ironhead.  Vinik argued that it had incurred *custodia legis* and administrative expenses regarding the Exiderdome, that it was entitled to reimbursement for those expenses, and that Ironhead was responsible for paying those services.  Ironhead opposed the motion, noting a dispute existed as to the amount of money Vinik was owed and which entity or entities owed Vinik for those services.

On February 9, 2011, the United States District Court of New Jersey granted in part, and denied in part, Vinik's motion for summary judgment.  The Court denied Vinik's motion regarding

2

the services requested by the United States Marshals between November 13, 2008, and January 26, 2009, because questions of fact remained regarding the issues of what amount was owed to Vinik and who was responsible for paying it.  Although Vinik was granted judgment in the amount of $387,000 for services it provided between January 26, 2009, and December 31, 2009, the Court denied Vinik's motion regarding the issue of who was responsible for this amount because questions of fact remained as to that issue.

The Court ordered Ironhead to commence a third-party action against all parties which Ironhead believed shared liability regarding the costs incurred by Vinik between January 26, 2009, and December 31, 2009.  The Court warned that failure to commence a third-party action would be deemed an admission by Ironhead that it was responsible for the entire $387,000 judgment granted to Vinik.  Pursuant to this order, Ironhead filed a third party complaint identifying Hannah, OSK, and Siemens as parties liable for claims related to the Exiderdome, including a claim that the third-party defendants share in "all *custodia legis* expenses incurred" by Ironhead.

OSK and Siemens filed motions to dismiss the third-party complaint on the basis that the complaint was duplicative to this Court's proceedings in No. 3:10-cv-00082.  The Court agreed, holding that Ironhead's third-party complaint was duplicative of its amended complaint in this Court. As a result, the Court dismissed the third-party complaint without prejudice because No. 3:10-cv-82 had progressed further than the New Jersey case.

The Court stated it would not address the question of whether the third-party defendants are liable for the *custodia legis* fees owed to Vinik Marine.  In addition, the Court noted the "Ohio action would determine the rights and liabilities of the parties and the amount of contribution, if any, towards the payment of Vinik Marine's judgment in the amount of $387,000."  The Court stated Vinik could seek judgment for the remaining fees owed "once the Ohio action determines which

3

parties are liable for the expenses incurred as a result of the barge's arrest in New Jersey."  The Court also noted Vinik could "[a]t that time" move to file an amended complaint to directly sue the third-party defendants.

Following this decision, the Court was advised it had mistakenly indicated in the order that Vinik had been awarded a judgment against Ironhead for $387,000.  The Court subsequently issued an Amended Order explicitly clarifying that "Vinik Marine does not have a judgment against Ironhead."  Vinik then requested reconsideration of the Amended Order which was subsequently denied.  Vinik again seeks to obtain a judgment against Ironhead in its current motion for summary judgment.

## II.  Summary Judgment

Summary judgment is proper where "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party asserting a genuine issue of material fact must support the argument either by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  The Court views the facts in the record and reasonable inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  The Court does not weigh the evidence or determines the truth of any matter in dispute.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

The party requesting summary judgment bears an initial burden of demonstrating that no genuine issue of material fact exists, which the party must discharge by producing evidence to demonstrate the absence of a genuine issue of material fact or "by showing . . . that there is an

4

absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25 (1986) (internal quotation marks omitted).  If the moving party satisfies this burden, the nonmoving party "may not rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren,* 578 F.3d 351, 374 (6th Cir. 2009) (citing Rule 56 and *Matsushita,* 475 U.S. at 586).  The party opposing the summary judgment motion must present sufficient probative evidence supporting its claim that disputes over material facts remain; evidence that is "merely colorable" or "not significantly probative" is insufficient.  *Anderson,* 477 U.S. at 248–52.

### III.  Discussion

Vinik's motion for summary judgment is denied because genuine disputes of material fact exist which prevent the grant of summary judgment to Vinik.  Fed. R. Civ. P. 56(a).  Vinik states that Ironhead has admitted to owing Vinik for the costs of the *custodia legis* services.  (Doc. 110, p. 3). Vinik refers to the deposition of Anthony La Mantia, President of Ironhead.  (Doc. 110, Ex. D; Doc. 113, p. 10).  The portion of the deposition in question states:

> Q.  And today, as I understand it from reading the complaint that you filed in the Ohio action, Ironhead's position is that:
>
> While it may owe Vinik Marine for the costs and expenses of taking custody of the vessel, those expenses need to be paid in whole by, or shared in part, with Siemens and OSK; correct?
>
> A.  Yes.

(Doc. 110, Ex. D, pp. 534–35).

Contrary to Vinik's position, Mr. La Mantia's testimony does not admit liability.  The question specifically states that Ironhead "may owe" Vinik for the *custodia legis* services.  Black's Law Dictionary defines "may" as "[t]o be a possibility."  Black's Law Dictionary 1068 (9th ed.

5

2009).  Mr. La Mantia's testimony only concedes there is a possibility that Ironhead owes Vinik for the costs involved in the *custodia legis* services.  The testimony does not admit liability on behalf of Ironhead.  Therefore, this evidence does not entitle Vinik to summary judgment.

Vinik also notes Mr. La Mantia admitted that Ironhead had made an initial payment to Vinik, but then stopped paying the company.  (Doc. 110, Ex. D, p. 486).  Again, this admission fails to establish a concession of liability by Ironhead.  Mr. La Mantia's testimony is consistent with the company's position that the services Vinik provided should be paid in whole, or in part, by Siemens and OSK.  This additional evidence is insufficient to overcome the prior decision by the United States District Court in New Jersey that genuine disputes of material facts regarding the liability for the *custodia legis* services still exist.

### IV.  Conclusion

For the foregoing reasons, Vinik Marine's motion for summary judgment (Doc. 111) is denied.

IT IS SO ORDERED.


    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

6